IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 91-00065-02-CR-W-NKL |
| | ) | |
| RUBEN O. SANCHEZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**O R D E R**

Pending before the Court is Ruben Sanchez's ("Sanchez") Motion for Sentence Reduction [Doc. # 406] and Motion to Appoint Counsel [Doc. # 405]. For the reasons set forth below, the Court denies Sanchez's motions.

Another judge of this Court sentenced Sanchez to 340 months of imprisonment on June 23, 1992, for conspiracy to distribute marijuana. The sentence was based on the quantity of drugs involved in Sanchez's offense (over 1,000 kilograms), as well as Sanchez's leadership role in the offense and his obstruction of justice. In addition to his term of imprisonment, Sanchez was sentenced to 15 years of supervised release, a $2,000 fine without interest, and a $50 mandatory special assessment.

Sanchez seeks a reduction of his sentence because, he argues, a clarifying amendment to the Sentencing Guidelines should be given retroactive effect. The Court denies Sanchez's motion. On August 23, 2005, Sanchez filed a similar motion to reduce his sentence [Doc.

1

# 399], which was also denied [Doc. # 400].  In this motion, Sanchez argues that an amendment to the Sentencing Guidelines occurring subsequent to his sentencing entitles him to relief under 18 U.S.C. § 3582(c)(2).  Specifically, he argues that Amendment 518 to the Sentencing Guidelines, which became effective on November 1, 1995, is a clarifying amendment which should be given retroactive effect.  The amendment provides that where the evidence shows that a defendant could not or would not have provided the entire quantity of drugs negotiated for delivery in a conspiracy, only that portion actually delivered should be counted.

A sentence reduction must be consistent with the applicable policy statements of the Sentencing Commission governing the retroactive application of amendments.  *See United States v. Delgado*, 162 F.3d 981, 983 (8th Cir. 1998).  Under the relevant policy statement, Amendment 518 is not included as an amendment to which retroactivity applies.  Accordingly, Sanchez's motion for a sentence reduction is denied.

Moreover, Sanchez's Motion to Appoint counsel is also denied.  The Supreme Court has held that the Sixth Amendment right to counsel does not extend beyond a criminal defendant's first Appeal.  *Coleman v. Thompson,* 501 U.S. 722 (1991); *United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009).  Nor does Sanchez have a statutory right to counsel under the Criminal Justice Act.  *Harris*, 568 F.3d at 669.

Accordingly, it is hereby ORDERED that Sanchez's Motion for Sentence Reduction [Doc. # 406] and Motion to Appoint Counsel [Doc. # 406] are DENIED.

s/ Nanette K. Laughrey
                                         NANETTE K. LAUGHREY
                                         United States District Judge

Dated: June 7, 2010
Jefferson City, Missouri